WATSON and others, Appellants, vs. ROBERTS and others, Respondents.

*November 17 — December 15, 1891.*

*Fraudulent conveyances: Evidence.*

*Leisen v. Roberts, ante,* p. 570, followed.

APPEAL from the Circuit Court for *Marinette* County. The plaintiffs in this action are judgment creditors of the defendant *Merit E. Roberts,* and the action is brought for the same purpose as was that of *Leisen v. Roberts, ante,* p. 570. The plaintiffs appeal from a judgment dismissing the complaint.

For the appellants there were briefs by *Fairchild & Fairchild,* and oral argument by *H. O. Fairchild.*

*Thos. R. Hudd,* for the respondents.

COLE, C. J. The evidence in this case is not materially different from that in *Leisen v. Roberts, ante,* p. 570. In that case we felt constrained to affirm the judgment of the trial court dismissing the complaint, and the same result must follow here. The court below found that the conveyance by Diamond to the minor defendants was a gift, and if it was, and was really the property of Diamond when he conveyed it to them, then it is obvious that the creditors of *Roberts* cannot successfully impeach it. But it is said in both cases that the conveyance was a mere device re-

sorted to to place the property where *Roberts* could have
the benefit of it, and still keep it from creditors. There
are certainly some circumstances which tend to sustain such
a conclusion, but the trial court negatived that view. To
prove the allegations of fraud in the conveyance, the plaint-
iff called as witnesses *Roberts* and Diamond, and now, to
sustain their contention, they are forced to discredit the
positive statements of their own witnesses on suspicion
mainly. The learned circuit judge concluded that the
proofs did not sustain the charge of fraud in the convey-
ance, and that there is ample testimony to support that
inference cannot be denied. The circuit judge also found
that *Roberts* never paid for this land, and that he was deeply
in debt to Diamond even after the conveyance was made.
Such being the evidence and findings, it is obvious we cannot
disturb them consistently with our well-established rules.
Such an act of generosity and kindness on the part of Dia-
mond in giving the property to the minor children of *Rob-
erts* may not be very common, but it is surely not to be
confounded with fraud without some evidence tending to
show that it was impeachable on that ground.

*By the Court.*— The judgment of the circuit court is af-
firmed.